UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'RON D. BOTTS, | No. 2:20-cv-01856 TLN GGH P |
| Petitioner, | |
| v. | ORDER |
| CORCORAN STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

*The Habeas Petition*

Petitioner is challenging a prison rules violation report and subsequent administrative sanctions. Petitioner alleges the following two claims: 1) a violation of petitioner's Eighth Amendment based on correctional officers failure to protect petitioner after he reported his life was in danger and was subsequently attacked by inmates; and 2) a violation of petitioner's Eighth Amendment against cruel and unusual punishment for being placed in administrative segregation from March 21, 2019 to May 30, 2019 "without merit" after the inmate attack. ECF No. 1 at 3-4. Petitioner argues the prison rules violation report contained false information and omitted pertinent facts. For his first claim, petitioner requests for relief, "compensatory damages for

1

1   emotional stress [in the amount of] [$]50,000." Id. at 3. For his second claim, petitioner requests

2   "compensation, compensatory damages are warranted as my loss of [$]200 a day x 2 months ½"

3   based on his placement in administrative segregation. Id. at 4.

4   *Screening*

5       Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for

6   summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and

7   any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  The

8   Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of

9   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

10  dismiss, or after an answer to the petition has been filed.

11      A federal court may not entertain a petition for writ of habeas corpus brought by a person

12  in custody pursuant to the judgment of a state court unless the petition has been brought "on the

13  ground that he is in custody in violation of the Constitution or laws or treaties of the United

14  States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for challenges to the

15  duration or legality of a prisoner's confinement and the relief sought "is a determination that he is

16  entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez,

17  411 U.S. 475, 500 (1973). Here, petitioner does not seek to challenge the duration or legality of

18  his confinement. Moreover, petitioner seeks monetary damages in his petition. See Preiser, 411

19  U.S. at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact

20  or length of his confinement, and he is seeking something other than immediate or more speedy

21  release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus

22  is not an appropriate or available federal remedy.")

23      Although the success of petitioner's claims would "not necessarily lead to his immediate

24  or earlier release from confinement" and accordingly does not "fall within the core of habeas

25  corpus," petitioner may be able to set forth civil rights claims pursuant to 42 U.S.C. § 1983.

26  Nettles v. Randy, 830 F.3d 922, 935 (9th Cir. 2016) (quoting Skinner v. Switzer, 562 U.S. 521,

27  535 n.13 (2011)) (internal quotations omitted); see also Ramirez v. Galaza, 334 F.3d 850, 859

28  (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful

challenge to a prison condition will not necessarily shorten the prisoner's sentence.") The undersigned will therefore dismiss the petition with leave to amend to state a civil rights claim.

*In Forma Pauperis Application*

If petitioner chooses to amend and proceed with a civil rights action pursuant to 42 U.S.C. § 1983, the filing fee for civil actions is $400. Petitioner will be required to file an in forma pauperis affidavit or pay the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

Petitioner is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of petitioner's prison trust account statement for the six-month period immediately preceding the filing of this action.

*Opportunity to Amend Complaint under 42 U.S.C. § 1983*

Section 1983 provides:

> Every person who, under color of [state law]...subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution...shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

The purpose of section 1983 is to give effect to the Fourteenth Amendment to the federal Constitution which states, in principal part that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Thus, in order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not

---

[1] If leave to file in forma pauperis is granted, petitioner will still be required to pay the filing fee ($350) but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1  include constitutionally sufficient notice and an opportunity to be heard before the deprivation
2  was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) Petitioner must
3  describe conduct that allegedly caused deprivation of a federal right that can be fairly attributable
4  to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland Bd.
5  of Educ. v. Loudermill, 470 U.S. 532 (1985). In other words, there must be action taken pursuant
6  to state, or federal, law and significant state involvement in the action taken. Sullivan, 527 U.S. at
7  50, n.9.
8       In pleading for relief pursuant to 42 U.S.C. § 1983, petitioner must identify each
9  individual government official who he believes specifically took part in the alleged acts.
10 Petitioner is cautioned that he cannot bring suit against a government agency, such as a prison
11 (Corcoran State Prison), but must instead specifically identify each individual government official
12 (i.e. name each correctional officer involved). If petitioner determines to replead under 42 U.S.C.
13 section 1983 he must conform his pleading to the dictates of Federal Rule of Civil Procedure
14 8(a)(2) which "requires only 'a short and plain statement of the claim showing that the pleader is
15 entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the
16 grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)
17 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to
18 state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
19 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
20 speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of
21 facts] need only give the defendant fair notice of what the...claim is and the grounds upon which
22 it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, supra, 550 U.S. at
23 555) (citations and internal quotations marks omitted). In reviewing a complaint under this
24 standard, the court must accept as true the allegations of the complaint in question, Erickson,
25 supra, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.
26 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468
27 U.S. 183 (1984).
28 ////

Further, petitioner is informed that the court cannot refer to a prior pleading in order to make petitioner's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Conclusion*

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition for habeas corpus is dismissed with leave to amend to state a civil rights claim;

2. Petitioner may file an amended complaint pursuant to 42 U.S.C. § 1983 in conformity with the terms of this order;

3. If petitioner chooses to amend his pleading and present his claims in a civil rights action, petitioner must do the following:

a) file his amended complaint within thirty days from the date of this order; and

b) submit an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $400.00, within thirty days from the date of this order.

4. Failure to file an amended complaint in accordance with this order or otherwise respond to this order will result in a recommendation that the petition be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110; and

////

////

////

////

////

5. The Clerk of the Court is directed to send petitioner a new Application to Proceed In Forma Pauperis By a Prisoner and a blank form complaint for civil rights claims brought pursuant to 42 U.S.C. § 1983.

Dated: October 27, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE